# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN EASTBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-CV-0638-MJR |
| | ) |
| COLLINSVILLE COMMUNITY UNIT | ) |
| SCHOOL DISTRICT #10, | ) |
| DENNIS CRAFT, JULIE BROWN, | ) |
| PATRICK MURPHY, and | ) |
| LYNN ASHCROFT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On July 23, 2004, Plaintiff Karen Eastby filed an action against Collinsville Community Unit School District No. 10 ("the School District"), Patrick Murphy, Julie (Miller) Brown, and Dennis Craft. On March 23, 2005, Eastby amended her complaint to allege that the School District, Murphy, and Brown violated her Free Speech rights (Count I), that the School District and Murphy discriminated against her because of her age (Counts II and III), that Murphy tortiously interfered with her business relationship by not completing her performance evaluation (Count IV), and that Craft defamed her (Count V) (see Case No. 04-0518-MJR, Doc. 30).

On July 6, 2005, having been advised by Eastby's counsel that the action had settled, this Court dismissed Eastby's complaint without prejudice (see Case No. 04-0518, Doc. 51). In the dismissal Order, the Court informed the parties that the dismissal would ripen into a dismissal with prejudice sixty days after the entry of that Order. *Id.* The Court finally dismissed the case **with prejudice** on March 20, 2006 (see Case No. 04-0518, Doc. 52).

Nonetheless, on August 21, 2006, Eastby filed the present cause of action, asserting to the Court that the parties did not in fact settle her previous case. Eastby filed a First Amended Complaint on January 29, 2007, containing three (3) counts: Breach of Contract (Count I), Violation of First Amendment Rights under 42 U.S.C. § 1983 (Count II), and Intentional Infliction of Emotional Distress (Count III). Additionally, Eastby's amended complaint contained "General Allegations," which were the same as alleged in her complaint in Case No. 04-518-MJR.

Subsequently, Defendants filed a motion to dismiss on February 28, 2007 (see Doc. 33). On July 13, 2007, the Court granted the motion (Doc. 47). Specifically, the Court found that Eastby's allegations in Count II were "materially identical" to those asserted in her previous cause of action. Therefore, Eastby's First Amendment claims were barred under the doctrine of res judicata. Accordingly, the Court declined to exercise supplemental jurisdiction over her two state law claims, and these claims were dismissed without prejudice.

On August 24, 2007, the School District moved this Court to award attorney's fees in the amount of $12,044.50 under 42 U.S.C. § 1988(b) (Doc. 50). In support of its motion, the School District provided over twenty legal bills that included fees incurred over the course of Eastby's two lawsuits. Some information specifying the nature of the charges was redacted due to attorney-client privilege. On September 17, 2007, Eastby filed an objection to the motion for fees (Doc. 53). On February 12, 2008, the Court ordered the School District to produce unredacted bills for in camera review (Doc. 57), and the School District provided these documents on February 25, 2008. Having fully considered all of the relevant filings, the Court now **GRANTS IN PART AND DENIES IN PART** the School District's motion for fees.

## B. Analysis of Defendant's Ability to Recover Fees

Under the American Rule, attorney's fees are generally unavailable to the prevailing party. *See Sole v. Wyner*, -- U.S. --, 127 S.Ct. 2188, 2191 (2007). However, under **42 U.S.C. § 1988(b)**, attorney's fees may be awarded to the prevailing party under certain circumstances. Section 1988(b) states: "In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

As a preliminary matter, the Court must address whether the School District is a prevailing party within the meaning of the statute. Though Eastby does not contest the issue of whether the School District was the "prevailing party," it is clear that the School District cannot collect attorney's fees under § 1988(b) unless it first satisfies that standard. As the Supreme Court has repeatedly noted, "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole*, **127 S.Ct. at 2194 (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792–93 (1989))**. With respect to whether a defendant is a prevailing party, the Seventh Circuit has explained:

> If a plaintiff prevails by securing a change in legal relations, then a defendant prevails by securing an entitlement *not* to have any change in legal relations. If a plaintiff prevails by an award of damages or an injunction, the defendant prevails by securing a declaration that it need not pay damages or alter its behavior. Defeating a plaintiff on the merits is one way to obtain such assurance, but hardly the only way. A declaration that the plaintiff and others like it are not even entitled to sue accomplishes the same end, and more.

*Citizens for a Better Environment v. Steel Company*, **230 F.3d 923, 929 (7th Cir. 2000)**. Moreover, the Seventh Circuit noted that where "dismissal for want of jurisdiction forecloses the plaintiff's claim,

the defendant is the prevailing party." *Id.* **at 930.**  For instance, in *Citizens*, the defendant was a prevailing party because the plaintiffs lacked standing to bring the suit.  *See id.* **at 929–30.**  By establishing that issue, the defendant achieved the only possible benefit available.

Here, the Court held that it lacked subject matter jurisdiction over Eastby's § 1983 claim due to res judicata (Doc. 47) and determined that Eastby's First Amendment claim was therefore barred.  The Court then dismissed the entire action for lack of subject matter jurisdiction.  As a result, is clear that the School District is the prevailing party, as it accomplished all it could have hoped in defending the action.

However, the Court's inquiry does not end here.  Though the terms of § 1988(b) place the decision to award attorney's fees within the sole discretion of the district court, the Seventh Circuit has made it clear that "prevailing defendants have a much harder row to hoe than do prevailing plaintiffs."  *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, **424 F.3d 659 (7th Cir. 2005).**  Moreover, a defendant is "entitled to fees only in cases in which the plaintiff's action was frivolous, unreasonable, or groundless."  *Id.* (**citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).**  An action is frivolous "if it has no reasonable basis, whether in fact or in law."  ***Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir. 1985).**

Here, Eastby brought three claims in her amended complaint: Breach of Contract (Count I), Violation of First Amendment Rights under 42 U.S.C. § 1983 (Count II), and Intentional Infliction of Emotional Distress (Count III).  As noted above, the Court found that Count II was barred by res judicata, as it was materially identical to Eastby's claim in her previous action (see Case No. 04-CV-0518-MJR), which was dismissed with prejudice. Consequently, there was no reasonable basis for Eastby's First Amendment claim, either in fact or in law, because she had settled the same claim in previous litigation.  The Court finds that the School District is entitled to fees incurred as a result

of Eastby's First Amendment claim, as that claim was groundless and frivolous.

However, the Court cannot find that Eastby's state law claims for breach of contract and intentional infliction of emotion distress were frivolous. These claims were dismissed without prejudice because the Court could not exercise supplemental jurisdiction over them. The School District argues that these claims were frivolous because the District Court did not have jurisdiction to enforce the parties' settlement contract, as its Order dismissing case number 04-CV-0518-MJR did not retain jurisdiction over the agreement. However, the Court could have exercised supplemental jurisdiction over Eastby's breach of contract claim had she raised a viable federal claim. Additionally, the Court's Order did not bar Eastby from raising those claims in a court of competent jurisdiction. Under the circumstances, the Court finds that the School District has not carried its burden in showing that Eastby's state law claims (Counts I & III) were frivolous.

### C. Analysis of Defendant's Request for Particular Fees

The Court now turns to its calculation of the fees that the School District may recover. In order to aid the Court in this task, the School District has submitted a large number of billing statements (Doc. 50), which include the relevant dates of the attorney's work, a description of the work, and the resulting fees. The Court also ordered the School District to submit unredacted copies of these bills, as some of the originally filed documents included redactions in order to protect attorney-client communications.

The complaint in this case was not filed until August 21, 2006. However, some of the bills submitted by the School District date back as far as 2004. The Court denies the School District's motion insofar as it seeks recovery for any fees incurred prior to August 21, 2006, because such fees clearly do not relate to this action.

The School District has submitted five bills that include fees incurred after August 21,

2006. As noted above, the Court will only grant fees that were associated with defending against Eastby's First Amendment claim (Count II), as this is the only claim that the Court deems frivolous. Where the Court is unable to discern whether the particular fees charged relate to Eastby's First Amendment claim, those fees will be denied. As such, the Court now addresses each of those billing statements individually. Having reviewed many fee bills, the Court finds the hourly rates charged on the billing statements to be reasonable and customary for similar services in this area, and the Plaintiff does not take issue with the rates.

**1. The September 12, 2006 Billing Statement**

The first bill is from Robbins, Schwartz, Nicholas, Lifton & Taylor Ltd. and is dated September 12, 2006 (Doc. 50-2, pp.43-44). The redacted copy submitted by the School District contains four entries—one dated June 1, 2006, one dated August 22, 2006, and two dated August 23, 2006. Though all of the charges have been redacted, the Court has reviewed unredacted copies. The Court declines to award fees as to any of these entries. First, the entry on June 1, 2006 was incurred prior to the filing of this action. As to the other August charges, it should be noted that Eastby did not send the School District her complaint and request for waiver of service until September 7, 2006 (See Doc. 4). Therefore, it is not clear that any of the August charges are related to this litigation. As such, the Court denies all fees listed in the September 12, 2006 bill.

**2. The November 10, 2006 Billing Statement**

The second bill is from Robbins, Schwartz, Nicholas, Lifton & Taylor Ltd. and is dated November 10, 2006 (Doc. 50-2, pp. 45-47). This bill contains ten charges dating between October 4, 2006 and October 12, 2006. Primarily, these fees pertain to the attorney's research, preparation, and writing of the motion to dismiss (Doc. 33). As the motion to dismiss raised the issue of res judicata on Eastby's First Amendment claim, the School District may recover all reasonable fees associated

with that motion. This includes the attorney's preparation of its entry of appearance, which was a necessary aspect of the School District's counsel participating in the litigation and filing the motion to dismiss. These fees total **$1,435.00** and constitute reasonable attorney's fees.

However, the first and last entries on the November 10, 2006 bill do not clearly relate to counsel's entry into the litigation, nor do they indicate attorney's fees related to the First Amendment claim. The first entry charges the School District a fee of $52.50 for "Review of Court Orders to determine whether Plaintiff's new claim is time-barred." This charge does not clearly relate to Eastby's First Amendment claim. The last entry charges the School District $122.50 to "Analyze Complaint re: all state law allegations." This charge clearly relates only to the state law claims. As a result, the Court declines to award the School District fees for these two entries.

Accordingly, the Court awards the School District **a total of $1,435.00** for fees listed in the November 10, 2006 billing statement.

**3.  The May 11, 2007 Billing Statement**

The third bill is from Robbins, Schwartz, Nicholas, Lifton & Taylor Ltd. and is dated May 11, 2007 (Doc. 50, pp. 9-11). This bill contains seven charges dating between April 2, 2007 and April 25, 2007. Five of these entries clearly relate to the motion to dismiss. As explained above, the School District may recover these fees, as they relate to Eastby's First Amendment claim. These fees total **$227.50** and constitute reasonable attorney's fees in the course of this litigation.

However, the other two entries do not. The entry dated April 4, 2007 includes a charge for "Receipt and review of correspondence from attorney Roosevelt re: restoration to reading team." Additionally, the entry dated April 11, 2007 includes fees to "Prepare correspondence to attorney Roosevelt re: demand to return to testing team." These entries do not clearly relate to the First Amendment claim. As a result, the Court declines to award the School District fees for these two

entries.

Accordingly, the Court awards the School District **a total of $227.50** for fees listed in the May 11, 2007 billing statement as described above.

**4. The July 11, 2007 Billing Statement**

The fourth bill is from Doster, Mickes, James, Ullom, Benson, & Guest, LLC and is dated July 11, 2007 (Doc. 50, p. 11-19, 12). This bill contains eighty-eight charges dating between June 4, 2007 and June 29, 2007. On June 4, 2007, only two of the entries (those on the second page of the billing statement) refer to work conducted with respect to the motion to dismiss. These two entries are identical: "Telephone conference with attorney Roosevelt re: depositions of Defendants, anticipated ruling on Motion to Dismiss." For each entry, counsel charged a fee of $49.50 for a total of $99.00. In light of the large amount of work counsel apparently conducted that day with respect to depositions and the Court's inability to determine the extent to which the conversations specifically addressed the motion to dismiss, the Court determines that only **$49.50** constitutes a reasonable fee incurred with respect to the First Amendment claim. The rest of the fees charged on June 4, 2007 do not clearly relate to Eastby's First Amendment claim and are not recoverable.

On June 5, 2007, all of the charges pertain to communications between Defendant's counsel, Plaintiff's counsel, and the Court with respect to the motion to dismiss. Consequently, fees incurred as to these entries are recoverable. These fees total **$231.00** and constitute reasonable fees.

On June 6, 2007, four of the entries clearly relate to the motion to dismiss. Two of these entries state: "Prepare correspondence to attorney Roosevelt re: ruling on Motion to dismiss, depositions." Each of these charges are $33.00, totaling $66.00. The other two entries state: "Telephone conference with attorney Roosevelt re: anticipated date of ruling on Motion to Dismiss, postponement of depositions until ruling obtained." Each of these charges are $33.00, totaling $66.00.

Again, the Court is unable to determine the extent to which these communications relate to the First Amendment. However, the Court determines that $33.00 for the telephone conferences and $33.00 for the preparation of correspondence are reasonable attorney's fees related to that claim. As a result, the attorney's fees recoverable from the June 6, 2007 charges total **$66.00**. The rest of the fees charged on June 6, 2007 do not clearly relate to Eastby's First Amendment claim and are not recoverable.

No other fees listed in the July 11, 2007 billing statement clearly relate to Eastby's First Amendment claim. The charges entered for June 11, 2007 only relate to settlement negotiations. The charges entered for Jule 12, 2007 and June 13, 2007 pertain to discovery and settlement negotiations. The charges entered for June 14, 2007 relate only to Eastby's motion to amend her complaint. Also, the charges entered between June 15, 2007 and June 22, 2007 pertain to the scheduling and preparation for depositions, the discovery schedule, and settlement negotiations. Finally, the charges entered between June 26, 2007 and June 29, 2007 deal with more scheduling issues and analysis with respect to Eastby's motion to amend. As it is not clear that any of these fees relate to Eastby's First Amendment claim, the Court declines to award these fees.

Consequently, the Court awards the School District **a total of $346.50** for fees listed in the July 11, 2007 billing statement.

5**. The November 10, 2006 Billing Statement**

The fifth and final bill is from Doster, Mickes, James, Ullom, Benson, & Guest, LLC and is dated August 8, 2007 (Doc. 50, pp. 5-8). This bill contains thirty-six charges dating between June 21, 2007 and July 31, 2007. The entry for June 21, 2007 does not clearly relate to Eastby's First Amendment claim and therefore, the Court will not award the School District fees for that charge.

The July 1, 2007 entry is designated "Prepare for status conference." This entry does relate to the First Amendment claim, because the undersigned District Judge held the status conference

in order to determine the progress of the litigation and to hear argument on the pending motion to dismiss. These fees total **$627.00** and are reasonable.

The billing statement also includes nine entries for July 2, 2007. The sixth entry for that date was redacted when originally filed with the Court. Having reviewed the unredacted version, the Court finds that while it refers to the Court's Order dismissing the case, the entry primarily relates to analysis of Eastby's state claims rather than the First Amendment claim. The eighth entry states: "Analyze results of motion to dismiss hearing re: Eastby." It is not clear that this entry relates to the First Amendment claim. The Court ruled at the hearing that the First Amendment claim was barred by res judicata. It is more likely, then, that this analysis of the dismissal pertained to the state claims, which were dismissed without prejudice and could have been re-filed in a court of competent jurisdiction. As a result, the Court declines to award fees incurred for these entries.

However, the fourth entry for July 2, 2007 states: "Attend status conference in Court, obtain dismissal of case," and the fifth entry states: "Review file documents and prepare strategy for settlement conference with Judge Reagan." These entries relate to the First Amendment claim, because as noted above, the Court held the status conference to investigate the parties' progress and to hear argument on the motion to dismiss. Finally, the seventh entry states: "Analyze motion to dismiss re: Eastby." Fees with respect to this entry relate to the First Amendment claim for reasons thoroughly explained above. The attorney's fees recoverable from these charges total **$759.00**, and the Court deems these fees to be reasonable.

The rest of the fees charged on the August 8, 2007 billing statement do not clearly relate to Eastby's First Amendment claim and are not recoverable. These fees pertain to cancelling depositions and analyzing the School District's options to defend against any further litigation that Eastby might bring. As such, the Court declines to award fees for the entries dated July 6, 2007

through July 31, 2007.

Consequently, the Court awards the School District **a total of $1,386.00** for fees listed in the August 8, 2007 billing statement.

### D. Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the School District's motion for attorney's fees (Doc. 50). In doing so, the Court **FINDS** that the School District is a prevailing party, **FINDS** that Eastby's First Amendment claim is frivolous, and **FINDS** that Eastby's state law claims are not frivolous. Finally, for the reasons stated above, the Court **DIRECTS** Eastby to pay the School District **a total of $3,395.00,** as that amount reflects reasonable attorney's fees incurred with respect to Eastby's First Amendment claim.

**IT IS SO ORDERED.**

**DATED this 18th day of March 2008.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**